UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:05-1227-HMH |
| | ) | |
| vs. | ) | **AMENDED** |
| | ) | **OPINION & ORDER** |
| Eric Preston Hans, | ) | |
| | ) | |
| Movant. | ) | |
| | ) | |

This matter is before the court on Eric Preston Hans' ("Hans") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court grants the Government's motion for summary judgment and dismisses Hans' § 2255 motion.

### I. FACTUAL AND PROCEDURAL HISTORY

Hans was charged with "damaging and destroying, and attempting to damage and destroy, by means of fire, the Comfort Inn and Suites at 831 Congaree Road in Greenville, South Carolina, a building used in interstate commerce, resulting in the death of six individuals and in bodily injury to eleven individuals" in violation of 18 U.S.C. § 844(i). The Government sought the death penalty. On August 2, 2007, Hans was found guilty after a trial. The jury was unable to reach a unanimous verdict as to the death penalty. Thus, on October 25, 2007, Hans was sentenced to life in prison. Hans timely appealed his sentence and conviction, and the United States Court of Appeals for the Fourth Circuit affirmed the conviction on May 29, 2009. United States v. Hans, No. 07-5116, 2009 WL 1497496, at *7 (4th Cir. May 29, 2009) (unpublished).

1

Hans filed the instant § 2255 motion on August 20, 2010.[1] On November 15, 2010, the Government moved for summary judgment. The court issued a Roseboro order on November 16, 2010. Hans filed a response to the Government's motion for summary judgment on January 11, 2011. This matter is now ripe for consideration.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

2

### B. Hans' Claims

Hans alleges that (1) his trial counsel was constitutionally ineffective for failing to call an arson expert to testify; (2) his trial and appellate counsel were ineffective in failing to argue that the Government's evidence did not establish that Hans possessed the requisite malice for the crime; (3) his trial counsel was ineffective for failing to object to the Government's presentation of "false evidence"; (4) his trial counsel was ineffective in failing to argue that the indictment must be dismissed for violation of the Speedy Trial Act; and (5) his trial counsel was constitutionally ineffective in failing to advise the court of the proper sentencing procedure under 18 U.S.C. § 3581.  (Hans Mem. Supp. § 2255 Mot., generally.)  In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Hans must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.  With respect to the second prong, Hans must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  The court addresses each of Hans' arguments below.

### 1. Failure to present arson expert to rebut Government's theory

Hans argues that his trial counsel was ineffective in failing to call an arson expert to testify to rebut the Government's arson theory.  The court must be highly deferential to counsel's strategic decisions and cannot allow hindsight to influence the assessment of counsel's performance. Id. at 689.

Hans' counsel hired John Lentini ("Lentini"), a fire expert, to examine the ATF's reports and videos. (Gov't Mem. Supp. Summ. J. Ex. 1 (Counsel Aff. 2-3).) Lentini opined that the ATF's theory regarding the cause and origin of the fire was valid. (Id. Ex. 1 (Counsel Aff. 2).) However, Lentini opined that another valid theory was accidental ignition provided that the evidence showed that the cardboard boxes were already inside the hotel as opposed to the Government's theory that Hans brought the boxes into the hotel from the dumpster area and started the fire. (Id. Ex. 1 (Counsel Aff. 2).) Through the testimony of William Messer, a lay witness, Hans' counsel elicited testimony that cardboard boxes were located inside the hotel before the fire. (Id. Ex. 1 (Counsel Aff. 3).); (Tr. Trans. 1379-92.) Further, during cross-examination, the Government's fire expert, an Alcohol, Tobacco, and Firearms ("ATF") agent, testified that no testing had been performed that ruled out the possibility that the fire was started by a lighted cigarette. (Id. Ex. 1 (Counsel Aff. 3).); (Tr. Trans. 1338.) Therefore, counsel's strategy was to challenge the credibility of the Government's arson theory through cross-examination of the ATF fire expert and testimony of a lay witness. Trial counsel's decision to cross-examine the Government's arson expert, rather than call an expert to testify "primarily involve[d] trial strategy and tactics," and thus was made for a legitimate strategic purpose, and could be made without Hans' consent. United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992). That the jury ultimately was not persuaded by this strategy does not suggest that counsel was ineffective.

While calling a fire expert may have been an appropriate alternative strategy, failure to do so does not amount to deficient performance. As the Supreme Court noted, "[t]here are

4

countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." Strickland, 466 U.S. at 689.

Moreover, Hans has failed to show that the outcome of the proceeding would have been different had the alleged error not occurred. Id. at 692. As the Fourth Circuit noted in affirming Hans' conviction and sentence on direct appeal:

> The evidence against Hans was substantial. Notwithstanding Hans's argument of a possible alternative arsonist, the case was not close. Ample evidence, including: video footage showing Hans near the Comfort Inn both immediately before and after the fire started, Hans's threatening statements to Cromer before the fire, the time during which Hans was unaccounted for, Hans's statements to his roommates after the fire, his inconsistent statements to investigators about where he was during that night, and Hans's confession to a cellmate demonstrates the strength of the Government's case.

Hans, 2009 WL 1497496, at *5.

Based on the foregoing, Hans' trial counsel was not constitutionally ineffective for failing to call a fire expert to rebut the Government's arson theory. Further, Hans has failed to show prejudice.

**2. Failure to argue at trial and on appeal that the Government had not shown that Hans possessed the requisite malice for the offense**

To sustain a conviction for arson under 18 U.S.C. § 844(i), the Government must prove that a defendant "(1) maliciously; (2) damaged or destroyed a building . . . ; (3) by means of fire . . . ; and (4) the building . . . was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." United States v. Gullett, 75 F.3d 941, 947 (4th Cir. 1996). On appeal, Hans argued that the court erred in denying his motion for acquittal arguing that the Government had failed to establish elements three and four. The Fourth Circuit rejected this argument finding that

5

> when the evidence is viewed in the light most favorable to the Government, a reasonable jury could find that the Government proved these elements beyond a reasonable doubt. Multiple witnesses testified to Hans's jealousy and that he felt threatened by the likelihood that Cromer and Canty were about to patch up their relationship and resume life together as a family, the result of which would be the end of Hans's friendship with Canty. These witnesses provided evidence of Hans's possible motive in starting the fire: to vent his anger about Cromer and Canty or to prevent the end of his friendship with Canty. Either of these motives provides evidence of Hans's malice.

Hans, 2009 WL 1497496, at *6. Based on the foregoing, at trial, Hans' counsel moved for acquittal arguing that the evidence failed to establish that Hans possessed the requisite intent. Further, on appeal, Hans' appellate counsel challenged the court's denial of the motion for acquittal arguing that the Government had not proven the elements beyond a reasonable doubt. Therefore, counsel was not ineffective because, in fact, this argument was raised during trial and on appeal. Further, the Fourth Circuit held that there was sufficient evidence of malice. Hans cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Likewise, Hans cannot "recast, under the guise of collateral attack, questions fully considered by" the Fourth Circuit. Id. Based on the foregoing, this claim is without merit.

### 3. Failure to object to the Government's presentation of "false evidence"

With respect to Hans' allegation that his counsel failed to object to the Government's presentation of false evidence, Hans alleges that the Government elicited false testimony regarding a telephone call with Lois Nicole Crane, fabricated a statement that Hans allegedly provided to Tracy Pelt, misstated the testimony of Amelia Barbour, Ervin Blair, and Zack Cromer, and embellished the testimony of Nicholas Wilkerson. (Hans Mem. Supp. § 2255 Mot. 10.) Hans provides no further details regarding the allegedly false evidence or explains what

objections counsel should have made. These conclusory allegations fail to show that counsel acted in an objectively unreasonable manner at trial with respect to his decisions concerning objections to errors. Furthermore, Hans has not demonstrated prejudice. Hans' counsel cross-examined the Government's witnesses. "[C]ross-examination is the principal means of undermining the credibility of a witness whose testimony is false or inaccurate." United States v. Salerno, 505 U.S. 317, 328 (1992) (Stevens, J., dissenting). In the end, assessing witness credibility is the sole province of the jury. United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Further, Hans has offered no evidence as to how the Government's alleged misstatements or embellishments during closing argument prejudiced him. Based on the foregoing, Hans has failed to show any genuine issues of material fact. As such, this argument is without merit.

### 4. Speedy trial violation

Hans alleges that his counsel was constitutionally ineffective for failing to move to dismiss the indictment for violation of his rights to a speedy trial. Pursuant to 18 U.S.C. § 3161(c)(1), a defendant must be brought to trial within 70 days of his indictment or initial appearance whichever is later.

Hans was indicted on November 16, 2005, and arraigned on December 12, 2005. The Government filed a motion for reciprocal discovery on January 25, 2006. On January 27, 2006, the court granted the joint motion by the Government and Defendant to continue this case until a date beyond September 1, 2006, because of the nature of the case, the number of witnesses involved, and the need to obtain evidence in mitigation in light of the potential that the Government would seek the death penalty. On August 1, 2006, the Government filed its notice

of intent to seek the death penalty. Hans responded to the Government's motion for reciprocal discovery on November 13, 2006. That same day, the court continued the case to the May 2007 term based on Hans' request because of the volume of discovery and counsel's involvement in another capital case. Again, on February 16, 2007, Hans moved to continue the case until August 2007 because

> (1) counsel have not received final results of necessary mental health examinations of the defendant; (2) defense counsel needs significantly more time to prepare for this case due to its magnitude and complexity; and (3) important questions about the nature and character of the trial and the manner in which evidence may be presented have yet to be resolved. Additionally, while not a reason for continuance in and of itself, a continuance will bring the trial in this case more in line with previous and current federal capital cases which require significant time to be fully prepared in order not [to] violate the Defendant's Sixth Amendment right to counsel. Finally, a continuance will not prejudice the Government in any material way.

(Def. Mot. Continue Feb. 16, 2007.) On February 21, 2007, Hans' counsel orally moved for a medical evaluation of Hans and the court granted the motion. The court granted Hans' motion to continue in part, on February 22, 2007, continuing the case until the July 2007 term of court. Jury selection commenced on July 16, 2007. The guilt phase concluded with a guilty verdict on August 2, 2007. The penalty phase commenced on August 6, 2007 and concluded on August 10, 2007. After consideration, Hans cannot show an unreasonable delay. From January 25, 2006, when the Government filed the motion for reciprocal discovery until the trial commenced on July 16, 2007, there were pending motions filed by the Government or Hans. Further, the case was continued based on the ends of justice. The time period from January 25, 2006 until trial is excluded from the speedy trial deadline calculations. 18 U.S.C. § 3161(h)(1) & (7) provides that

> [t]he following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
>> **(A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;**
>> (B) delay resulting from trial with respect to other charges against the defendant;
>> (C) delay resulting from any interlocutory appeal;
>> **(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;**
>> (E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;
>> (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;
>> (G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and
>> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
>
> (7)(A) **Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.** No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(Emphasis added.)

Thus, only 43 days passed that were not excludable under § 3161(h).  See United States v. McCray, No. 86-5081, 1987 WL 37325, at *1 (4th Cir. Apr. 28, 1987) (unpublished) (finding that Government's motion for reciprocal discovery was a covered motion under § 3161(h)(1)(D)).  Based on the foregoing, there is no speedy trial violation.

Furthermore, even if Hans could show a speedy trial violation, Hans has failed to show how he has been prejudiced by his counsel's actions.  To the contrary, given the scope and complexity of this case, Hans would have suffered prejudice if the matter had proceeded to trial earlier.  Hans did not raise any objection to the delay and in fact, Hans contributed to any delay through repeated requests for continuances.  Based on the foregoing, this argument is wholly without merit.

### 5. Failure to "[i]nform the Court of the proper sentencing procedure under 18 U.S.C. § 3581"

Lastly, Hans alleges that his counsel was constitutionally ineffective in failing to inform the court of the proper sentencing procedure under § 3581.  Hans does not articulate any specific error with his sentencing.  Hans references § 3581 and 18 U.S.C. § 3559.  However, Hans' sentence is consistent with these sections.  Section 3581 sets forth sentencing ranges for crimes by letter classification.  Under § 3581(b), "the authorized terms of imprisonment . . . for a Class A felony, [is] the duration of the defendant's life or any period of time."  Further, Hans references 18 U.S.C. § 3559.  However, § 3559(a)(1) states that "[a]n offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is life imprisonment, or if the maximum penalty is death, as a Class A felony."  In addition § 3559(b) provides that "[e]xcept as provided in subsection (c), an offense classified under subsection (a) carries all the incidents assigned to the applicable letter

designation, except that the maximum term of imprisonment is the term authorized by the law describing the offense." Hans' argument is without merit. Hans was charged in the indictment with violating 18 U.S.C. § 844(i) which is not a crime specifically identified by letter classification. Section 844(i) provides that

> [w]hoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both; and if personal injury results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall be imprisoned for not less than 7 years and not more than 40 years, fined under this title, or both; and if death results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment.

Thus, § 844(i) is a Class A felony and Hans' sentence of life imprisonment was authorized by statute. In addition, the presentence investigation report informed Hans that he was facing life imprisonment. Further, during the sentencing hearing, the court informed Hans that "[a] life sentence is required . . . under the statute." (Sentencing Tr. 16-17.) Based on the foregoing, there was no basis for Hans' counsel to object to the sentencing procedure employed by the court. Therefore, Hans' counsel was not constitutionally ineffective.

It is therefore

**ORDERED** that the Government's motion for summary judgment, docket number 390, is granted. It is further

**ORDERED** that Hans' § 2255 motion, docket number 376, is dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Hans has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 24, 2011

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.